**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KELLY LYNNE PARISH,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:25-1820** |
| **v.** | : | **(JUDGE MANNION)** |
| **FRANK J. BISIGNANO, Commissioner of Social Security,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Pending before the court is the report of United States Magistrate Judge Leo A. Latella, which recommends that the decision of the Commissioner denying the plaintiff's claim for disability insurance benefits ("DIB") be affirmed. (Doc. 19). The plaintiff has filed objections to the report (Doc. 20) to which the Commissioner has responded (Doc. 21). Upon review of the record, the report and recommendation will be **ADOPTED** in its entirety as the decision of the court.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*,

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, on November 19, 2022, the plaintiff protectively filed for DIB under Title II of the Social Security Act ("SSA") alleging disability as of September 16, 2021, due to multiple impairments. Her application was denied initially and upon reconsideration. After a requested hearing, the administrative law judge ("ALJ") found that the

plaintiff has the following severe impairments: degenerative disc disease, degenerative joint disease, and obesity.[1] The ALJ found, however, that none of these impairments, considered individually or in combination, meet or equal the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. The ALJ determined that the plaintiff has the residual functional capacity ("RFC") to perform light work activity as defined in 20 C.F.R. §404.1567(b)[2], except that the plaintiff can never climb ladders/ropes/scaffolds or crawl; can occasionally perform all other postural movements; and must avoid concentrated exposure to extreme cold, humidity, vibration, dangerous

[1] The ALJ also found that the plaintiff has anxiety and depression, which are non-severe mental impairments in that they do not cause more than minimal limitation on her ability to perform basic mental work activities. The plaintiff does not challenge this aspect of the ALJ's findings.

[2] This section provides:

> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §404.1567(b).

machinery, and unprotected heights. With these restrictions, the ALJ found that the plaintiff can perform her past relevant work as a dental hygienist. The plaintiff filed a request for review of the ALJ's decision, which was denied, making the ALJ's decision the final decision of the Commissioner.

On September 29, 2025, the plaintiff filed the instant appeal which was assigned to the undersigned and referred to Judge Latella for preparation of a report and recommendation. (Doc. 1). In her appeal, the plaintiff argues that the ALJ erred in evaluating the medical opinions of Nurse Practitioner Kelly Schultz ("N.P. Schultz") and Physician's Assistant Emily Young ("P.A. Young"). Because the ALJ failed to give these opinions proper consideration, the plaintiff argues that the ALJ did not account for the total limiting effects of her impairments.

The plaintiff initially argues in her appeal that the ALJ did not include in his analysis N.P. Schultz's opinion on an assessment form that she could stand or walk for thirty (30) minutes at one time without interruption and could stand or walk for a combined three (3) hours **total** in a workday. (Emphasis added).[3] The plaintiff argues that these limitations are more restrictive than the ALJ's RFC assessment, but the ALJ did not explain why he excluded

[3] N.P. Schultz's assessment is found in the record at Doc. 9, pp. 458-63, and these particular functions are discussed at p. 459.

them from the RFC. Specifically, the plaintiff contends that light work activity requires the ability to stand or walk for up to six (6) hours in an eight (8) hour workday,[4] and that N.P. Schultz's assessment form indicating that she could only stand or walk for a combined three (3) hours total in a day is less than the light work requirement. At her hearing, the plaintiff argues that the VE testified that she could not perform her past work activity if she was limited to standing and/or walking for a total of four (4) hours in an eight (8) hour workday.

In considering the plaintiff's appeal, after setting forth the standard for evaluating the persuasiveness of medical opinions, including the most important factors of supportability and consistency, Judge Latella addressed the plaintiff's claim that the ALJ's RFC assessment was erroneous because it did not include N.P. Schultz's opinion that she could only stand or walk for a combined three (3) hours total in a workday. (Doc. 19, pp. 16-19). In reviewing the record, Judge Latella found that the plaintiff's interpretation of the record is erroneous. The court agrees.

---

[4] In addition to the definition of light work activity provided in 20 C.F.R. §404.1567(b), SSR 83-10 explains, "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Titles II & Xvi: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2*, SSR 83-10 (S.S.A. 1983).

In completing the "Medical Source Statement of Ability to do Work-Related Activities (Physical)," N.P. Schultz checked boxes indicating that the plaintiff could sit eight (8) hours "Total in an 8 hour work day"; she could stand three (3) hours "Total in an 8 hour work day"; and she could walk three (3) hours "Total in an 8 hour work day." (Doc. 9, p. 459). A plain reading of N.P. Schultz's assessment makes it clear that the plaintiff could stand and walk three (3) hours each for a total of six (6) hours (not three (3) hours) in an eight (8) hour work day, which meets the requirements of light work activity.

In her objections, the plaintiff argues that the court should reject Judge Latella's finding and conclusions because he resolved a material ambiguity in N.P. Schultz's opinion that should be resolved by the ALJ on remand. Although the plaintiff attempts to argue that the assessment is ambiguous, there is no ambiguity. The activities of standing and walking are separate on the assessment form, not combined, indicating that the plaintiff could do each for three (3) hours total in an eight (8) hour workday. Moreover, there is no indication in the record that N.P. Schultz intended them to be combined. The plaintiff's objections will be overruled and the report adopted on this basis.

Citing to *Lombardo v. Bisignano*, 2026 WL 674198 (M.D.Pa. 2026), the plaintiff also argues in her appeal that the ALJ did not consider or include in

his RFC assessment N.P. Schultz's restriction that she could stand for thirty (30) minutes at one time or walk for thirty (30) minutes at one time without interruption. In her objections, the plaintiff challenges Judge Latella's report to the extent that it does not discuss this specific argument. Here, the ALJ found unpersuasive N.P. Schultz's opinion which indicated that the plaintiff was capable of performing medium exertional work activity.[5] While the ALJ found that N.P. Schultz's opinion was generally supported by her own examination records and the plaintiff's admissions at her examination, he found that it was inconsistent with the findings of the state agency medical consultants who opined that the plaintiff was capable of performing the lesser light exertional work activity with certain postural and environmental restrictions. In so finding, the ALJ determined that the state agency medical consultants' opinions were well supported internally and were consistent with

---

[5] The Code defines medium work as follows:

> Medium work. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. § 404.1567(c).

the record as a whole.[6] As reflected in *Lombardo,* it is the province of the ALJ to choose which medical opinions are persuasive and, in doing so, "[f]or each limitation opined necessary by a **persuasive** medical source, the ALJ is obligated to either: (1) incorporate that limitation in the claimant's RFC, or (2) explain the basis for discounting that limitation. Such an obligation ensures that any omission was intentional and supported by substantial evidence in the record." *Lombardo*, 2026 WL 674198 at *1 (Emphasis added). The ALJ did not find N.P. Schultz's opinion persuasive and therefore the ALJ need not have included her functional limitations in his RFC. Instead, the ALJ found persuasive the opinions of the State agency medical consultants. Those consultants opined that the plaintiff could stand and/or walk (with normal breaks) for a total of about 6 hours in an 8 hour workday and sit (with normal breaks) for a total of about 6 hours in an 8 hour workday, which is consistent with the definition of light work activity included in the ALJ's RFC. On this basis, the plaintiff's objections will be overruled and the decision of the ALJ affirmed.

[6] The plaintiff takes no issue with the ALJ's determination that the findings of the state agency medical consultants were persuasive, only that the ALJ did not include the functional limitations of N.P. Schultz in his RFC assessment.

Next, the plaintiff argues that the court should reject the proposed findings and conclusions of Judge Latella relating to the ALJ's evaluation of the opinion of P.A. Young. In her appeal, the plaintiff argues that the ALJ erred in finding P.A. Young's opinion unpersuasive because his supportability and consistency analyses were inadequate. Specifically, the plaintiff argues that the ALJ's supportability analysis did not mention objective evidence offered by P.A. Young in support of her opinion. Further, the plaintiff argues that the ALJ's consistency analysis failed to consider countervailing evidence in the record. And finally, the plaintiff argues that, while the ALJ found that she remains capable of a wide range of independent daily activities, he failed to specify exactly what those activities are leaving the court to guess what he meant.

In considering these arguments, on September 17, 2024, P.A. Young completed a Lumbar Spine Medical Source Statement, in which she opined that the plaintiff could stand/walk for less than two (2) hours total in an eight (8) hour work day and sit for about two (2) hours total in an eight (8) hour work day, totaling less than four (4) hours in an eight (8) hour work day. P.A. Young further opined that the plaintiff would need two (2) unscheduled fifteen (15) minute breaks in an eight (8) hour work day, she could never lift over ten (10) pounds, occasionally lift ten (10) pounds, and frequently lift less than

ten (10) pounds. As discussed by Judge Latella, the ALJ found P.A. Young's opinion unpersuasive stating:

> The opinion is poorly supported, noting little evidence of any objective or clinical findings in support of the assessed limitations – instead, providing the claimant's subjective allegations as primary support. Moreover, the opinion is inconsistent with the claimant's external treatment records, demonstrating little evidence that the claimant would be bed-ridden for half of any workday or suggesting the claimant would be unable to lift more than 10 pounds.

(Doc. 9, p. 25).

In addressing the plaintiff's supportability argument, acknowledging that there was an MRI as well as some objective findings cited by P.A. Young, Judge Latella emphasized that the ALJ indicated that there was *little* (not no) evidence of objective or clinical findings and that P.A. Young relied on subjective allegations as the *primary* (not only) support. Given that P.A. Young was asked on the assessment to attach treatment notes, radiologist reports, and laboratory and test results supporting her opinion, but she attached nothing and instead identified the plaintiff's complaints of symptoms and pain in support of her functional limitations assessment, the court agrees with Judge Latella that it was reasonable for the ALJ to conclude that P.A. Young's opinion was not persuasive as it related to supportability.

Moreover, although the plaintiff also challenges the ALJ's consistency analysis, it is clear from the ALJ's opinion and the record that no other

medical provider opined that the plaintiff was so functionally limited that she would need to be bed-ridden for half of any work day. In fact, other medical sources, including the state agency medical consultants, found the plaintiff to be far less limited than P.A. Young opined. As those opinions were consistent with the medical record as a whole, the ALJ found these opinions persuasive. Based upon the record as a whole, the court finds that substantial evidence supports the ALJ's finding that P.A. Young's opinion was inconsistent with the record as a whole.

Finally, to the extent that the plaintiff challenges the ALJ's failure to reference specific activities of daily living, throughout his opinion, the ALJ cited exhibits which reflect the plaintiff's report of daily activities. For example, the ALJ referenced Exhibits 2A and 3A (Doc. 9, p. 28), the state agency medical consultants' opinions which reflect that the plaintiff, among other things, lives with her mother; performs personal care, prepares simple meals; does household chores when her pain is mild; drives and rides in a car; shops in stores and by computer; manages money; lifts ten (10) pounds; and can walk one-half of a mile. (Doc. 9, pp. 60-61, 66, 69). The ALJ references Exhibit 5E (Doc. 9, p. 26), a Function Report form completed by the plaintiff herself on which she indicates, among other things, that she lives with and helps care for her 86-year-old mother; she takes care of three (3)

pet cats; she prepares meals for herself and her mother; she drives; she shops online and sometimes in stores; she socializes and watches television; she goes to Dunkin Donuts, Walmart and CVS on a regular basis; she travels to her daughter's house in Baltimore and goes to concerts at times; and she started taking classes at the YMCA. (Doc. 9, pp. 24, 26). In referencing these exhibits, it is clear that the ALJ considered them and his opinion that the plaintiff "remains capable of a wide range of independent daily activities" is supported by substantial evidence in the record. *See Phillips v. Barnhart*, 91 F. App'x 775, 780 n.7 (3d Cir. 2004) (ALJ's failure to cite specific evidence does not establish that the ALJ failed to consider it). The plaintiff's objections will be overruled on this basis as well.

In light of all of the foregoing, the plaintiff's objections to Judge Latella's report and recommendation will be overruled and the report and recommendation will be adopted in its entirety as the opinion of the court. An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 9/25/26
25-1820-01